# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NAKISHA BARTHELL, | DOCKET NUMBER |
| Appellant, | SF-315H-21-0450-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: September 6, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nakisha Barthell</u>, Elk Grove, California, pro se.

<u>Coleen L. Welch</u>, Martinez, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal challenging her termination while serving in a trial period for lack of jurisdiction. For the reasons set forth below, the appellant's petition

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The agency appointed the appellant to a GS-6 Advanced Medical Support Assistant position on August 16, 2020, and terminated her from that position effective June 18, 2021. Initial Appeal File (IAF), Tab 1 at 1, 17-19, Tab 6 at 12, 241. The appellant timely filed a Board appeal challenging her termination on July 16, 2022, and acknowledged on her appeal form that she was serving in a probationary or trial period at the time of her termination and identified the challenged action as a probationary or trial period termination appeal. IAF, Tab 1 at 1, 3. The administrative judge issued a jurisdictional order that informed the appellant of her burden of proof to establish Board jurisdiction over her appeal and instructed her to file evidence and argument establishing why the appeal should not be dismissed for lack of jurisdiction based on her status as a probationer. IAF, Tab 3.

The agency filed its response to the order and moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant was terminated during her probationary period and was not otherwise an "employee" with Board appeal rights under 5 U.S.C. § 7511(a). IAF, Tab 6 at 4-8. The appellant did not respond to the jurisdiction order. The administrative judge subsequently issued an order instructing the appellant to file a response to the agency's motion to dismiss and to include the information called for in the jurisdiction order in her response. IAF, Tab 7. The appellant again failed to respond to the administrative judge's order.

Without holding the appellant's requested hearing, IAF, Tab 1 at 2, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, IAF, Tab 8, Initial Decision (ID) at 1, 6. The administrative judge first noted that although the agency provided the appellant with notice of appeal

rights information for probationary employees in the competitive service, the appellant's appointment was in the excepted service. ID at 4. The administrative judge concluded that as an excepted service employee without veterans' preference, the appellant had to establish that she was an "employee" with Board appeal rights under 5 U.S.C. § 7511(a)(1)(C) and she did not make such a showing in this case, noting that she was terminated while serving in a 1-year trial period and she had not provided any evidence that she had any prior Federal service that could be credited toward completion of her trial period. ID at 4-5. The administrative judge further concluded that the appellant failed to establish that she had a regulatory right to appeal her termination to the Board under 5 C.F.R. § 315.806(c). Consequently, he dismissed the appeal for lack of jurisdiction. ID at 5-6. The initial decision was issued on August 26, 2021, and noted that the decision would become final on September 30, 2021, unless a petition for review was filed by that date. ID at 1, 6.

On March 29, 2022, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency submitted a response in opposition to the petition for review, and the appellant did not submit a reply. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision, or if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4. The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.* To determine

whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and the party's showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Id.*

As previously noted, the initial decision was issued on August 26, 2021, and so the petition for review was due by September 30, 2021. ID at 1, 6. The appellant filed her petition for review through e-Appeal on March 29, 2022. PFR File, Tab 1. Because the pleading was submitted after the filing deadline, e-Appeal automatically generated questions concerning timeliness, including a question instructing the appellant to describe the facts and circumstances related to the untimely filing, and to provide argument as to why the Board should find good cause for her untimeliness. *Id.* at 3-5. In response, the appellant stated that she "did not have access electronically" and that she never received the administrative judge's orders. *Id.* at 3, 5. She also stated that she reached out to agency counsel regarding her "lack of access." *Id.* at 4.

The Acting Clerk of the Board issued a letter to the appellant acknowledging her petition for review and stating that it appeared to be untimely filed because it was not postmarked or received on or before September 30, 2021. PFR File, Tab 3 at 1. The Acting Clerk afforded the appellant an opportunity to file a motion to accept the filing as timely and/or to waive the time limit for good cause, and stated that such a motion must be accompanied by a statement signed under penalty of perjury or an affidavit, postmarked, if mailed, or sent by facsimile on or before April 13, 2022. *Id.* at 1-2 (citing 5 C.F.R. § 1201.114(g)). The Acting Clerk also enclosed a copy of a form "Motion to Accept Filing as Timely or to Waive Time Limit" with the acknowledgment letter. *Id.* at 2, 7-8. The appellant did not submit a separate sworn statement, affidavit, or offer further explanation for her untimely petition for review.

Regarding the appellant's assertion that she did not have electronic access to the pleadings in this appeal, the appellant filed her initial appeal electronically and elected to register as an e-filer and did not revoke her designation as an e-filer at any time during the processing of her appeal. IAF, Tab 1 at 2. E-filers consent to accept electronic service of pleadings filed by other registered e-filers and documents issued by the Board. 5 C.F.R. § 1201.14(e)(1) (2021). When Board documents are issued, an email is sent to an e-filer at their email address of record, notifying them of the issuance and providing them with a link to e-Appeal where the documents can be viewed and downloaded. 5 C.F.R. § 1201.14(j)(1) (2021). E-filers are responsible for monitoring case activity at e-Appeal to ensure that they have received all case-related documents. 5 C.F.R. § 1201.14(j)(3) (2021). As an e-filer, the appellant is deemed to have received the jurisdiction order, the order instructing her to respond to the agency's motion to dismiss, and the initial decision when they were electronically issued on July 19, 2021, August 11, 2021, and August 26, 2021, respectively. 5 C.F.R. § 1201.14(m)(2) (2021); *Palermo*, 120 M.S.P.R. 694, ¶ 3; IAF, Tabs 3, 7-8.

Moreover, the appellant has not provided an explanation for her late filing despite being afforded the opportunity to do so. The appellant's failure to address the timeliness of her petition for review and the lack of evidence of circumstances beyond her control or of unavoidable casualty or misfortune that prevented her from filing a timely petition for review weigh against finding good cause. *See Cabarloc v. Department of Veterans Affairs*, 112 M.S.P.R. 453, ¶¶ 9-10 (2009) (finding no good cause for the pro se appellant's 10-day delay in filing a petition for review when he failed to respond to the Clerk's notice regarding timeliness); *Beckley v. U.S. Postal Service*, 43 M.S.P.R. 397, 399 (1990) (noting that in the interest of judicial efficiency and fairness, regardless of how minimal the delay, the Board will not waive its timeliness requirements in the absence of good cause shown). Although the appellant is proceeding pro se, her nearly 6-month filing delay is not minimal. *See, e.g., Dean v. U.S. Postal*

*Service*, 100 M.S.P.R. 556, ¶ 5 (2005) (finding a 6-month delay was not minimal); *Floyd v. Office of Personnel Management*, 95 M.S.P.R. 260, ¶ 6 (2003) (finding a 1-month delay was not minimal).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding its dismissal for lack of jurisdiction of the appellant's appeal challenging her termination while serving in a trial period.[2]

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[2] As the administrative judge correctly noted, the appellant's appointment was in the excepted service. ID at 4-5. As such, the appellant was not entitled to the procedural protections of 5 C.F.R. § 315.805 and so the administrative judge did not need to consider whether the appellant had a regulatory right to appeal her termination to the Board under 5 C.F.R. § 315.806(c). *See Mancha v. Department of Homeland Security*, 112 M.S.P.R. 216, ¶ 10 (2009); *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009). Nevertheless, any error in this misstatement was harmless and did not affect the outcome of the decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that was not prejudicial to a party's substantive rights provided no basis for reversal of an initial decision).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.